## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HELEN MERSHON, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | Cause No.     4:18-cv-00392-CDP |
| v. | ) | |
| | ) | |
| LINCOLN COUNTY, | ) | |
| State of Missouri, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN COTTLE, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Helen Mershon ("Plaintiff"), by and through undersigned counsel, and for her First Amended Complaint against Defendants Lincoln County ("Defendant Lincoln County") and John Cottle ("Defendant Cottle"), in his individual capacity, ("Defendant Cottle") (collectively, "Defendants"), hereby states as follows:

### PARTIES

1.      Plaintiff is, and at all times relevant herein was, a natural person residing in Lincoln County, Missouri.

2.      Defendant Lincoln County is, and at all times relevant herein was, a governmental entity organized and existing under the laws of the State of Missouri, with its principal place of residence in Lincoln County, Missouri.  The Lincoln County Sheriff's Office is a department of Defendant Lincoln County.

1

3.    Defendant Cottle is, and at all times relevant herein was, a natural person residing in Lincoln County, Missouri, and the elected Sheriff of Defendant Lincoln County.

## SUBJECT MATTER JURISDICTION

4.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

5.    Plaintiff brings this action under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

## VENUE

6.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

7.    Plaintiff's first injury by the wrongful acts or negligent conduct giving rise to Plaintiff's causes of action herein, as well as most or all related events, occurred in Lincoln County, Missouri, which is located within the Eastern District of Missouri.

8.    As such, venue was proper in the Circuit Court of Lincoln County, Missouri, pursuant to RSMo. § 508.010, but this case was properly removed by Defendants to the Eastern Division of the United States District Court for the Eastern District of Missouri.

## COLOR OF STATE LAW

9.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

10.    With regard to all allegations by Plaintiff herein, Defendants and all other public officials acted under color of the laws, statutes, ordinances, regulations, policies,

customs, and usages of the State of Missouri and its political subdivisions at all times relevant herein.

## JURY DEMAND

11.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

12.    Plaintiff demands a trial by jury on all claims for damages.

## FACTS

13.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

14.    Plaintiff was employed by Defendant Lincoln County and worked within its Sheriff's Office from approximately August 2002 through February 1, 2013 ("employment").

15.    In the course and scope of said employment, Plaintiff's responsibilities included maintaining and monitoring the Lincoln County Jail's inmate account and commission account and the Lincoln County Sheriff's Office's cash box and records of transactions thereof, to which other employees of Defendant Lincoln County, including Defendant Cottle, had access.

16.    Plaintiff maintained and monitored said records of the transactions of the inmate account, commission account, and cash box electronically utilizing QuickBooks accounting software.

17.     Said records of the transactions of the inmate account, commission account, and cash box were regularly reviewed and approved by one or more of Plaintiff's supervisors.

18.     A number of times during said maintenance and monitoring, Plaintiff identified errors made by said software, such as automatic entry duplications and date changes, and immediately notified one or more of Plaintiff's supervisors upon the identification of each such error.

19.     As a result thereof, Plaintiff also maintained handwritten records of said transactions of the inmate account, commission account, and cash box in an effort to ensure the accuracy thereof.

20.     Related to said software errors, a recommendation was made, following an audit of said records of the transactions of the inmate account, commission account, and/or cash box utilizing said software, that a different accounting software be utilized.

21.     Plaintiff presented said recommendation to then-Sheriff of Defendant Lincoln County, Mike Krigbaum, who responded by ordering Plaintiff simply to "make it work."

22.     In response thereto, Plaintiff met with Gina Cooper ("Cooper"), the QuickBooks consultant for the Lincoln County Sheriff's Office, who informed Plaintiff said software was inadequate to handle the volume of activity and information related to said inmate account, commission account, and/or cash box.

23. Plaintiff presented said information obtained from Cooper, as well as the history of said software errors, to Jodi Mauzy and Kurt Venneman, both employees of Defendant Lincoln County working within its Sheriff's Office.

24. In response thereto, Venneman deleted said software and reinstalled the same nearly two days later, during which time Plaintiff continued to maintain handwritten records of said transactions of the inmate account, commission account, and cash box in an effort to ensure the accuracy thereof.

25. Upon reinstallation of said software, Plaintiff identified that more than one year's records of transactions of said inmate account, commission account, and/or cash box had been deleted.

26. In response thereto, Plaintiff attempted to reenter such records of transactions missing from said reinstalled software utilizing said handwritten records maintained by Plaintiff.

27. Upon the election of Defendant Cottle as Sheriff of Defendant Lincoln County, Defendant Cottle appointed Mike Merkel ("Merkel") to be an employee of Defendant Lincoln County overseeing the Lincoln County Sheriff's Office's information technology, within the purview of which said software fell.

28. Despite the reinstallation of said software, Plaintiff continued to identify software errors and immediately notified Mike Merkle upon the identification of each such error.

29. In response to being notified of each such error, Merkel informed Plaintiff that he was "looking into" and "working" to resolve such errors.

30.     Upon information and belief, during the course of said employment, Defendant Cottle formed a belief that Plaintiff had become aware of personal indiscretions by Defendant Cottle and feared that Plaintiff may reveal the same, which would likely impact Defendant Cottle negatively.

31.     Shortly thereafter, in approximately January of 2013, David Curtis ("Curtis"), an employee of Defendant Lincoln County working within its Sheriff's Office, ordered Rene Hinton, another employee of Defendant Lincoln County working within its Sheriff's Office, to learn to maintain and monitor said inmate account, commission account, and cash box, upon information and belief, at the direction of Defendant Cottle.

32.     Shortly thereafter, on February 1, 2013, Plaintiff was summoned to the Lincoln County Sheriff's Office by Maria Ellison, an employee of Defendant Lincoln County working within its Sheriff's Office, upon information and belief, at the direction of Defendant Cottle.

33.     Upon arrival to the Lincoln County Sheriff's Office, Plaintiff was met by Detective Patrick Harney ("Harney"), an employee of Defendant Lincoln County working within its Sheriff's Office, and escorted to an interrogation room, advised of her *Miranda* Rights, and placed under arrest by Harney, upon information and belief, at the direction of Defendant Cottle.

34.     Plaintiff was notified that her arrest was based upon an accusation that Plaintiff had stolen money from said inmate account, commission account, and/or cash box in an amount equal to or in excess of twenty-five thousand dollars ($25,000.00) ("accusation"), upon information and belief, by Defendant Cottle.

6

35.   Plaintiff's handwritten records of said transactions of the inmate account, commission account, and cash box, which would have provided exculpatory evidence related to said accusation, were destroyed, upon information and belief, at the direction of Defendant Cottle.

36.   For approximately eight (8) days following said arrest, Plaintiff was held in the Lincoln County Jail.

37.   During Plaintiff's incarceration, an external audit of said inmate account, commission account, and/or cash box revealed no money missing, contrary to said accusation, and Defendant Cottle was advised thereof.

38.   Despite being advised of the same, Defendant Cottle demanded, in the presence of one or more witnesses, that some wrongdoing by Plaintiff be found "because the bitch is sitting in my jail," referring to Plaintiff, and kept Plaintiff incarcerated for days thereafter on end.

39.   While Plaintiff was incarcerated, Curtis ordered the kitchen staff of the Lincoln County Jail to serve Plaintiff "nothing but meat," upon information and belief, at the direction of and/or with knowledge and ratification by Defendant Cottle.

40.   At the time of said order, both Defendant Cottle and Curtis knew that Plaintiff was a vegetarian and unable, for medical reasons, to consume meat but continued to order the same throughout Plaintiff's incarceration, effectively starving Plaintiff for the length of her incarceration.

41.   Despite said audit revealing no money missing and Defendant Cottle being aware thereof, Plaintiff was charged in the Circuit Court of Lincoln County, Missouri, with

the class B felony of stealing money in an amount equal to or in excess of twenty-five thousand dollars ($25,000.00) ("criminal prosecution"), in violation of RSMo. § 570.030, and a bail amount was set by the Court.

42.     Upon information and belief, Defendant Cottle ordered the submission of false and/or incomplete information to the Prosecuting Attorney for Defendant Lincoln County to instigate said criminal prosecution of Plaintiff and/or had knowledge thereof and failed to take steps to correct the same.

43.     After approximately eight (8) days spent incarcerated, Plaintiff was finally released upon the posting of said bail.

44.     Said criminal prosecution lasted for almost two (2) years before the charge was dismissed by said Prosecuting Attorney.

45.     During and subsequent to said criminal prosecution, various employees of Defendant Lincoln County working within its Sheriff's Office regularly harassed, without reasonable grounds therefor, Plaintiff and members of Plaintiff's family by making traffic stops of their vehicles approximately twelve (12) or more times, upon information and belief, at the direction of Defendant Cottle.

46.     As a result of the foregoing, Plaintiff has been unable to obtain comparable gainful employment in and around Lincoln County since her termination from Defendant Lincoln County on February 1, 2013.

47.     At all times relevant to Plaintiff's causes of action, Defendant Cottle was a final policymaker for Defendant Lincoln County.

48.    In said capacity, Defendant Cottle established customs, policies, and practices for employees of Defendant Lincoln County related to law enforcement, as demonstrated by repeated patterns of conduct toward Plaintiff and others, including but not limited to:

　　　a.    Violating the civil rights of individuals,

　　　b.    Complying with orders of Defendant Cottle and/or other managers/supervisors of Defendant Lincoln County to violate the civil rights of individuals,

　　　c.    Failing to report violations of individuals' civil rights, and

　　　d.    Failing to report requests by Defendant Cottle and/or other managers/supervisors of Defendant Lincoln County to violate the civil rights of individuals.

49.    To the extent that any such custom, policy, or practice was contrary to any formal, written policy of Defendant Lincoln County, the same demonstrates inadequate and/or improper training by Defendants regarding the same.

50.    Plaintiff's damages alleged herein were proximately caused by said customs, policies, and practices of and/or inadequate and/or improper training by Defendants.

**DAMAGES**

51.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

52.    As a result of the foregoing, Plaintiff has suffered and/or continues to suffer:

a.      Garden variety emotional distress, including but not limited to terror, stress, fear, anxiety, humiliation, embarrassment, and disgrace;

b.      Loss of personal reputation in the community;

c.      Loss of trust in law enforcement generally, and the law enforcement community of Lincoln County, Missouri, particularly;

d.      Loss of physical liberty while incarcerated and during said traffic stops;

e.      Loss of liberty in being free said criminal prosecution;

f.      Costs of legal representation to defend against said criminal prosecution;

g.      Costs of legal representation in bringing this action; and

h.      Loss of income.

## PROXIMATE CAUSE

53.     The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

54.     The damages suffered by Plaintiff were the natural and proximate results of the conduct of Defendants.

## RECKLESS DISREGARD – PUNITIVE DAMAGES

55.     The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

56.     The conduct of Defendant Cottle was:

      a.      Malicious or recklessly indifferent to Plaintiff's constitutional rights and

      b.      Taken in the face of a perceived risk that they would violation federal law.

57.    Plaintiff is entitled to awards of punitive damages against Defendant Cottle, in his individual capacity, in order to punish him and deter others from like conduct.

## ATTORNEY'S FEES AND COSTS – 42 U.S.C. § 1988

58.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

59.    Plaintiff's substantive claims against Defendants are brought under 42 U.S.C. § 1983.

60.    In pursuing said claims, Plaintiff is incurring reasonable attorney's fees and costs, including taxable and non-taxable costs.

61.    Plaintiff seeks to recover said reasonable attorney's fees and costs under 42 U.S.C. § 1988 for the pursuit of said claims.

## NO QUALIFIED IMMUNITY

62.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

63.    The conduct of Defendants violated Plaintiff's clearly-established constitutional and/or statutory rights, of which a reasonable person would have known.

**COUNT I: AGAINST BOTH DEFENDANTS**
**UNREASONABLE SEIZURE AND UNLAWFUL ARREST IN VIOLATION OF**
**THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED**
**STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983**

64.    The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

65.    On and after February 1, 2013, Defendants, with deliberate indifference to and reckless disregard for the constitutional rights of Plaintiff, deprived Plaintiff of rights protected by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

66.    Plaintiff was arrested and detained on the unfounded charge of stealing despite the fact that it was clear that no probable cause or any other basis for the charge existed, and in spite of the fact that several investigations and audits revealed no wrongdoing on the part of Plaintiff.

67.    By their pattern of conduct and their misuse of authority over Plaintiff, Defendants intentionally subjected Plaintiff to an unreasonable seizure of her person and false and unlawful arrest and imprisonment and thereby deprived Plaintiff of life, liberty, or property without due process of law.

68.    By their above described intentional actions, Defendants deprived Plaintiff of her rights to be secure in her person, house, papers, and effects against unreasonable seizures and to be free from arrest, except upon probable cause supported by oath or affirmation, as guaranteed under the Fourth Amendment to the United States Constitution,

and her right not to be deprived of life, liberty, or property without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

69.     Defendants subjected Plaintiff to the aforementioned deprivations of rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

70.     At the time of the events alleged in this Petition, Defendants either knew or reasonably should have known that their actions violated clearly established constitutional rights of Plaintiff and/or clearly established statutes.

71.     Defendants acted under color of law prescribed to them in arresting and detaining Plaintiff.

72.     The actions of Defendant Cottle and other employees of Defendant Lincoln County in violation of Plaintiff's civil rights were made pursuant to custom, policy, and/or practice of Defendant Lincoln County and/or ignorance and/or inadequate training of employees of Defendant Lincoln County and/or ratified thereby by Defendant Lincoln County's failure to supervise and/or train.

73.     As a direct and proximate result of the actions of Defendants, Plaintiff suffered distress, discomfort, and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being unlawfully and wrongfully arrested, taken into custody, and otherwise grossly mistreated.

74.     As shown by the foregoing, Defendant Cottle's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights

of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Cottle and/or to deter him and others from like conduct in the future.

75.     Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

**COUNT II: AGAINST BOTH DEFENDANTS**
**CONCEALMENT AND DESTRUCTION OF EXCULPATORY EVIDENCE IN**
**VIOLATION OF THE DUE PROCESS CLAUSES OF THE FIFTH AND**
**FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

76.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

77.     This Count is brought pursuant to 42 U.S.C. § 1983 against Defendants for violation of Plaintiff's rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution not to be deprived of liberty without Due Process by concealment of exculpatory evidence.

78.     After Plaintiff was arrested and taken to jail for stealing, Defendants concealed and destroyed evidence that would have exculpated Plaintiff of the aforementioned crime.  The exculpatory evidence that Defendants concealed and destroyed

included but is not limited to the handwritten accounting logs kept by Plaintiff which showed a perfect accounting of all monies which Defendants claimed were stolen by Plaintiff.

79.     Each Defendant acted knowingly, intentionally, and with malice and was deliberately indifferent to Plaintiff's constitutional rights in concealing and destroying said exculpatory evidence.

80.     At the time of the events alleged herein, Defendants either knew or reasonably should have known that their actions violated clearly established constitutional rights of Plaintiff and/or clearly established statutes.

81.     Defendants acted under color of law prescribed to them in their actions described herein.

82.     Defendant Lincoln County is liable for the misconduct of Defendant Cottle because the policies, customs, and practices of Lincoln County caused the constitutional violations alleged in this Count.

83.     The actions of Defendant Cottle and other employees of Defendant Lincoln County in violation of Plaintiff's civil rights were made pursuant to custom, policy, and/or practice of Defendant Lincoln County and/or ignorance and/or inadequate training of employees of Defendant Lincoln County and/or ratified thereby by Defendant Lincoln County's failure to supervise and/or train.

84.     As a direct and proximate result of the actions of Defendants, Plaintiff suffered distress, discomfort, and loss of liberty; and has suffered, and will continue to

suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being grossly mistreated.

85.     As shown by the foregoing, Defendant Cottle's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Cottle and/or to deter him and others from like conduct in the future.

86.     Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

### COUNT III: AGAINST BOTH DEFENDANTS
### MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983

87.     The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

88.     Defendants, acting together, caused, instigated, and continued a judicial criminal proceeding against Plaintiff.

89.     The criminal proceeding terminated in favor of Plaintiff, as the charges against Plaintiff were ultimately dismissed.

90.     Defendants did not know whether Plaintiff had committed the crime they accused Plaintiff of committing and for which they were causing Plaintiff to be prosecuted, and in fact had substantial evidence that Plaintiff did not commit the crime for which she was charged and prosecuted. As such, Defendants had no probable cause to prosecute Plaintiff for said crime.

91.     Defendants acted maliciously and without reasonable grounds.

92.     Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the criminal proceeding.

93.     The actions of Defendant Cottle and other employees of Defendant Lincoln County in violation of Plaintiff's civil rights were made pursuant to custom, policy, and/or practice of Defendant Lincoln County and/or ignorance and/or inadequate training of employees of Defendant Lincoln County and/or ratified thereby by Defendant Lincoln County's failure to supervise and/or train.

94.     As a direct and proximate result of the malicious prosecution of Plaintiff, Plaintiff suffered distress, discomfort, and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being maliciously prosecuted and otherwise grossly mistreated.

95.     As shown by the foregoing, Defendant Cottle's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in

17

an amount sufficient to punish Defendant Cottle and/or to deter him and others from like conduct in the future.

96.     Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

**COUNT IV: AGAINST BOTH DEFENDANTS**
**CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FOURTH,**
**EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES**
**CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983**

97.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

98.     The above acts and omissions of Defendants, including but not limited to Curtis' direction to the Lincoln County jail kitchen staff to serve Plaintiff "nothing but meat," upon information and belief, at the direction of Defendant Cottle constitute a deprivation of Plaintiff's constitutional entitlement to be free from cruel and unusual punishment as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

99.     Defendants, despite being aware of Plaintiff's vegetarianism, in deliberate indifference, took no action to see that Plaintiff receive adequate accommodations surrounding her condition.

100.    Defendants' actions and/or omissions were in deliberate indifference to Plaintiff's serious medical needs.

101.    Defendants' actions and/or omissions were the results of Defendant Cottle's decisions and practices as Sheriff of Lincoln County which were tantamount to official policies of Defendant Lincoln County.

102.    Furthermore, these actions and/or omissions were the results of Defendants failure in hiring, training, and supervision of Defendant Cottle and other employees of Defendant Lincoln County.  Said rampant failures in hiring, retention, instruction, training, control, and/or supervision of Defendants are the results of Defendant Cottle's decisions as a chief and final policy- and decision-maker for Defendant Lincoln County, as well as the long-standing usages, customs, practices, and policies thereof.

103.    Plaintiff's right to be free from cruel and unusual punishment was well established at the times any reasonable law enforcement would be aware of the standard.

104.    Plaintiff's right to adequate medical care and/or accommodations was well established at the time such that a reasonable officer would be aware of the standard.

105.    These decisions were in derogation of Plaintiff's rights and privileges protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and federal and state laws.

106.    Each of the aforementioned actions and/or omissions of Defendants were intentional and/or reckless and/or negligent.

107.    Each of the aforementioned actions and/or omissions of Defendants were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, and/or statutes of Defendant Lincoln County.

108.    No Defendant is entitled to qualified immunity for its/his actions.

109.    The actions of Defendant Cottle and other employees of Defendant Lincoln County in violation of Plaintiff's civil rights were made pursuant to custom, policy, and/or practice of Defendant Lincoln County and/or ignorance and/or inadequate training of employees of Defendant Lincoln County and/or ratified thereby by Defendant Lincoln County's failure to supervise and/or train.

110.    As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer – physical and psychological injuries, personal humiliation, pain and suffering, garden variety emotional distress, and other related compensatory damages.

111.    As shown by the foregoing, Defendant Cottle's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Cottle and/or to deter him and others from like conduct in the future.

112.    Plaintiff is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

**COUNT V: AGAINST BOTH DEFENDANTS**
**VIOLATION OF THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH**
**AMENDMENTS, COGNIZABLE UNDER 42 U.S.C. § 1983**

113.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

114.    The violations of Plaintiff's constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of Defendant Lincoln County, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and the need for more or different training, supervision, investigation, or discipline in the areas of:

   a.  Legal cause to detain, arrest, and criminally charge a citizen;

   b.  The proper exercise of police powers, including, but not limited to searches and seizures, the making of an arrest, and the bringing of criminal charges;

   c.  The failure to identify and take remedial action or disciplinary action against police officers who are the subject of civilian or internal complaints of misconduct;

d.  Police officers' use of their status as police officers to achieve ends not reasonably related to their police duties;

e.  The failure of police officers to follow established policies, procedures, directives, and instructions regarding searches and seizures, arrests, and the institution of criminal charges under such circumstances as contained herein; and

f.  The practice among Defendant Lincoln County police officers of instituting false charges against individuals whom the officers have subjected to unlawful arrests and/or unreasonable seizures with the intention of precluding such individuals from instituting civil claims.

115.   The actions of Defendant Cottle and other employees of Defendant Lincoln County in violation of Plaintiff's civil rights were made pursuant to custom, policy, and/or practice of Defendant Lincoln County and/or ignorance and/or inadequate training of employees of Defendant Lincoln County and/or ratified thereby by Defendant Lincoln County's failure to supervise and/or train.

116.   As a direct and proximate result of the conduct of Defendant Lincoln County, Plaintiff suffered distress, discomfort, and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being unreasonably seized, unlawfully arrested, maliciously prosecuted, and otherwise grossly mistreated.

117.   As shown by the foregoing, Defendant Cottle's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights

of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Cottle and/or to deter him and others from like conduct in the future.

118.    Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

Respectfully submitted,

ECCHER LAW GROUP

By: /s John M. Eccher
John M. Eccher, #62869
1034 S. Brentwood Blvd., Ste. PH-1C
Saint Louis, MO 63117
Telephone:    (314) 293-3034
Facsimile:     (314) 293-3280
jeccher@eccherlawgroup.com

*ATTORNEY FOR PLAINTIFF*